IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

|  |  |  |
|---|---|---|
| MACARTON N. PIERRE, | ) | |
| | ) | |
| Plaintiff | ) | 1:23-cv-00262-SPB |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| SGT. BRIAN BATES, | ) | CHIEF UNITED STATES MAGISTRATE |
| | ) | JUDGE |
| Defendant | ) | |
| | ) | REPORT AND RECOMMENDATION ON |
| | ) | DEFENDANT'S MOTION TO DISMISS |
| | ) | |
| | ) | |
| | ) | ECF NO. 34 |

I.  RECOMMENDATION

Defendant Brian Bates has moved to dismiss only the "official capacity" claims and the equal protection claim asserted in Plaintiff's Amended Complaint. *See* ECF Nos. 34 (Motion to Dismiss), 35 (Brief).  For the reasons below, it is respectfully recommended that the motion be GRANTED as to Plaintiff's official capacity claims and DENIED as to his equal protection claim. The official capacity claims should be dismissed with prejudice pursuant to Fed. R. Civ. Pro 12(b)(6) and the Court's screening obligation under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

II.  REPORT

A.  Material Facts, Claims, and Procedural Posture

Plaintiff Macarton Pierre ("Pierre"), an inmate currently incarcerated at the Pennsylvania State Correctional Institution at Greene ("SCI-Greene"), commenced this action against several employees of the Pennsylvania Department of Corrections ("DOC") on August 30, 2023.  On January 29, 2024, Pierre filed an Amended Complaint, which named Sgt. Brian Bates as the sole

defendant to the action.[1]  *See* ECF No. 20.  Bates is a correctional officer at the State Correctional

Institution at Albion ("SCI-Albion"), where Pierre was previously incarcerated.

      The Amended Complaint asserts claims against Bates based on alleged violations of his

rights under the First, Eighth, and Fourteenth Amendments to the Constitution and seeks redress

of these violations pursuant to 42 U.S.C. §1983.  *See id.*  Factually, Pierre alleges that on April 21,

2023, another corrections officer, Giroux, "became verbally abusive towards Pierre" as he was

walking to his assigned Mental Health group.  *Id.*, ¶ 4.  He also alleges that when he advised Bates

of the verbal abuse, he became "verbally aggressive stating 'What did you say mother-fuxxer!?'"

*Id.*  Pierre objected to these comments, and Bates then allegedly told Pierre that he was "a nobody"

and directed him to return to his cell, which Pierre did.  *Id.*  As Pierre stood in front of his cell door

waiting for Pierre to open the door, he shouted "Black Lives Matter."  *Id.*  This statement allegedly

prompted Bates to state, "we will put you up nigger!" and to begin "maliciously physically abusing

Pierre along with Giroux."  *Id.*, ¶ 5.  Pierre alleges that he endured "a variety of guard brutality,"

including being "grabbed, tackled, struck multiple times by Sgt. Bates & his subordinates while

order was restored & Pierre complied with the Officers (Sgt. Bates') commands."  *Id.*  Pierre

further alleges that "[d]ue to Sgt. Bates' failure to protect Pierre and the guard brutality by Bates

& Giroux[,] Pierre suffered lacerations, abrasions, & contusions to the face, head, & body, &

aggravation of prior ligament damage, & is still in pain & suffering from these injuries."  *Id.*

Finally, Pierre alleges that he "was attacked for expressing his political belief & because of his

race by Sgt. Bates."  *Id.*  Pierre sues Bates in his individual and official capacities, and he seeks

compensatory and punitive damages and injunctive relief against him.  *Id.*, p. 4.

---

[1] Based on Pierre's Amended Complaint, all Defendants other than Bates have been terminated as parties to the action.

Liberally construed, the Amended Complaint asserts the following claims against Bates in his individual and official capacities: (1) an Eighth Amendment excessive force claim based on Bates' own use of excessive force; (2) an Eighth Amendment claim for failing to protect Pierre from the use of excessive force by other corrections officers; (3) a First Amendment retaliation claim based on Bates' use or authorization of excessive force in response to Pierre's Black Lives Matter protest; and (4) a Fourteenth Amendment equal protection claim.

Bates has filed a motion to dismiss under Fed. R. Civ. P 12(b)(6). Bates' motion, however, is narrow in scope. The motion requests dismissal only of Plaintiff's official capacity and Fourteenth Amendment claims against Bates. *See* ECF No. 35, p. 5. The deadline for Pierre to file a response to the motion to dismiss has not yet accrued. But the Court need not await a response from Pierre because (1) the Court has a duty to dismiss Bates' official capacity claims claim pursuant to its screening obligation under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and nothing Plaintiff could argue can change this outcome, and (2) Bates' argument for dismissing Plaintiff's equal protection claim lacks merit.

B.  Standard of Review

1. Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations of the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal

3

Practice, and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed under Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

While a complaint does not require detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts alleged in the complaint. *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Finally, because Pierre is proceeding pro se, his Amended Complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read his pro se pleading to state a valid claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

    2.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Claims in this action are also "subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A because [Pierre] is a prisoner proceeding pro se and is seeking redress from a governmental employee or entity." *Sanchez v. Coleman*, 2014 WL 7392400, at *4 (W.D. Pa. Dec. 11, 2014) (citing *Stackhouse v. Crocker*, 266 Fed. Appx. 189, 190 (3d Cir. 2008)). *See* ECF No. 2. The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (April 26, 1996), requires a district court to assess a civil complaint in which a prisoner proceeds *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). *See e.g.*, *Sanchez*, 2014 WL 7392400, at *4; *Hill v. Carpenter*, 2011 WL 8899478, at *2 (M.D. Pa. Aug. 3, 2011), *report and recommendation adopted*, 2012 WL 3779364 (M.D. Pa. Aug. 30, 2012) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)) ("This Court has a statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs given leave to proceed in forma pauperis in cases which seek redress against government officials."). Among other things, that statute requires the court to dismiss any action in which the court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015). A frivolous complaint is one which is either based on a meritless legal theory (such as when a defendant enjoys immunity from suit) or based on factual contentions which are clearly baseless (such as when the factual scenario described is fanciful or delusional). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The determination of whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

B. Discussion

    1. All official capacity claims against Bates should be dismissed.

Bates argues that any claims against him in his official capacity are barred by the immunity afforded to the Commonwealth of Pennsylvania by the Eleventh Amendment to the United States Constitution. ECF No. 35, pp. 3-4. The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). "Because the Pennsylvania DOC is a part of the executive department of the Commonwealth of Pennsylvania, its employees share in the Commonwealth's Eleventh Amendment immunity to the extent that they were sued in their official capacities." *Johnson v. Wenerowicz*, 440 Fed. Appx. 60, 62 (3d Cir. 2011); *see also Brown v. Smith*, 2019 WL 2411749 (W.D. Pa. June 7, 2019). Because the Amended Complaint alleges that Bates' misconduct occurred while he was acting within the scope of his employment, Pierre's claims for monetary relief against him in his official capacity should be dismissed with prejudice.

Pierre is also seeking injunctive and declaratory relief against Bates based on the same conduct underlying his claims for monetary relief. While Eleventh Amendment immunity does not apply to claims for injunctive relief against state officials to enjoin a violation of federal law or the Constitution, *see Ex Parte Young*, 209 U.S. 123, 129 (1908), claims for injunctive or declaratory relief must be based on an ongoing violation, rather than past conduct. *Seminole Tribe v. Florida*, 517 U.S. 44, 73 (1996). Consequently, "[a]n inmate's transfer from the facility complained of generally moots [his] equitable and declaratory claims." *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993). Because Pierre has been transferred from SCI-Albion and is now housed at SCI-Greene, his requests for injunctive and declaratory relief have been rendered moot and should be dismissed as such. Furthermore, any attempt by Pierre to amend his official capacity claims would be futile because the defects in these claims cannot be cured. Accordingly, leave to amend should be denied.

2.  Bates' motion to dismiss should be denied as to Pierre's equal protection claim.

Bates argues that the "more specific provision" rule requires dismissal of Pierre's Fourteenth Amendment claims.  This rule provides that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994).  *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)) ("if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").  Thus, the more specific provision rule is typically invoked when the plaintiff seeks to recast a claim covered specifically by a specific constitutional amendment as a Fourteenth Amendment substantive due process claim.  *See e.g.*, *Beenick v. LeFebvre*, 684 Fed. Appx. 200, 205 (3d Cir. 2017) (holding that the more specific provision rule precluded plaintiff from bringing a substantive due process/state-created danger claim "based on the conditions of his confinement and the alleged failure of Defendants to ensure his safety," both of which fall squarely within the purview of the Eighth Amendment); *Pagliaroli v. Ahsan*, 2024 WL 4199800, at *6 (D.N.J. Sept. 16, 2024) ("To the extent Plaintiff claims that the denial of adequate medical care violates his rights to substantive due process under the Fourteenth Amendment, 'the more-specific-provision rule' bars that claim" because falls within the Eighth Amendment's prohibition of cruel and unusual punishment); *DeFranco v. Miller*, 2021 WL 6498250, at *6 (W.D. Pa. Oct. 4, 2021), *report and recommendation adopted*, 2021 WL 6037580 (W.D. Pa. Dec. 21, 2021) (dismissing Fourteenth Amendment substantive due process retaliation claim under the more specific provision rule); *Miller v.*

*Hartwell*, 2022 WL 768295, at *3 (W.D. Pa. Mar. 14, 2022) (dismissing Fourteenth Amendment substantive due process claim as redundant of First Amendment access to courts claim).

But unlike the pleadings at issue in the above cases, Pierre's Amended Complaint does not assert a Fourteenth Amendment substantive due process claim. Rather, Pierre's claims are (1) excessive force and failure to protect under the Eighth Amendment, (2) First Amendment retaliation, and (3) equal protection under the Fourteenth Amendment. *See* ECF No. 20, ¶ 6. If the Amended Complaint had included a Fourteenth Amendment substantive due process claim based on the same conduct on which he bases one or more of these claims, the more specific provision rule would have required its dismissal. But Pierre has not done so. Instead, he has asserted a claim under the Equal Protection Clause of the Fourteenth Amendment. Unlike the somewhat amorphous nature of a substantive due process claim, an equal protection claim has specifically defined elements and is itself based on a specific provision of the Constitution—the Equal Protection Clause. To state a cognizable equal protection claim, a plaintiff "must allege that he is a member of a protected class, similarly situated to members of an unprotected class, and treated differently from the unprotected class." *Pollack v. City of Phila.*, 2007 WL 576264, at *4 (E.D. Pa. Feb. 16, 2007) (citations omitted). In addition, a plaintiff must allege that this differential treatment was intentional. *See, e.g.*, *McClesky v. Kemp*, 481 U.S. 279, 292 (1987) ("[A plaintiff] who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination."). Although many facts on which Pierre bases his equal protection claim are common to his other claims, each of Pierre's three claims is based in a specific provision of the Constitution and, as such, each may proceed in the same action. The Court's research has identified no authority suggesting that the more specific provision rule precludes an equal

protection claim in this context.  Accordingly, Bates' motion should be denied to the extent that it seeks dismissal of Pierre's equal protection claim.[2]

    E.  Conclusion

    For these reasons, it is respectfully recommended that Bates' motion to dismiss be GRANTED as to Plaintiff's official capacity claims and DENIED as to his equal protection claim.  The official capacity claims should be dismissed with prejudice under Fed. R. Civ. Pro 12(b)(6) and the Court's screening obligation under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Leave to amend as to the official capacity claims should be denied as futile.

    If this Report and Recommendation is accepted, the following claims against Bates in his individual capacity will remain: (1) Pierre's Eighth Amendment excessive force claim based on Bates' own use of excessive force; (2) Pierre's Eighth Amendment claim for failing to protect him from the use of excessive force by other corrections officers; (3) Pierre's First Amendment retaliation claim based on Bates' use or authorization of excessive force in response to Pierre's Black Lives Matter protest; and  (4) Pierre's Fourteenth Amendment equal protection claim.

    III. Notice to the Parties Concerning Objections

    In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72((b)(2), and Local Rule 72(D)(2), the parties have a right to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections

---

[2] Bates sole challenge to Pierre's equal protection claim is based on the more specific provision rule.  He has not challenged the sufficiency of Pierre's factual allegations to satisfy the substantive elements of this claim, and the Court offers no opinion at this stage whether the claim passes substantive muster.

may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72(D)(2).

DATED this 19th day of September, 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE